**In re Reapportionment of TOWN of MONTGOMERY**

[647 A.2d 1013]

No. 92-136

July 25, 1994.

Petitioners contend that the resolution does not comply with this Court's mandate, and that this Court failed to provide clear guidance to the legislature on whether moving the Town of Montgomery into the Franklin County district, without doing more, would violate the federal constitution's one-person, one-vote requirement. Upon review of the record, including the joint resolution and the transcripts of the committee hearings, we conclude that the legislature satisfied the Court's mandate by finding, following public hearings before the special House committee, that the original house redistricting plan more fully complied with constitutional and statutory criteria than other potential alternate plans.

Regarding petitioners' latter contention, in *Hartland*, we declined to address whether an overall statewide deviation of 28.8% is per se unconstitutional; instead, we concluded that the legislature's decision to place the Town of Montgomery with towns in Orleans County rather than Franklin County, based on its concerns that the overall 28.8% deviation that would result from the latter option would be constitutionally unacceptable, was not irrational or illegitimate. 160 Vt. at 26, 624 A.2d at 333. Our review of the tran-

scripts of the committee hearings indicates that the members of the committee were aware that, although we had expressed some doubts about the constitutionality of petitioners' proposal, we had not ruled on that question. Nevertheless, after weighing the various concerns, the legislature determined that the constitutional and statutory criteria would not be better served by moving the Town of Montgomery to the Franklin County district. We defer to this judgment, which is neither irrational nor illegitimate. See *Hartland*, 160 Vt. at 14–15, 624 A.2d at 326–27 (in first instance, legislature, not this Court, must resolve tensions between constitutional and statutory criteria).

*The petition of the Town of Montgomery is dismissed.*